# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NANCY HARNOIS,
               Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency,

     and

DEPARTMENT OF HOMELAND
   SECURITY,[1]
               Intervenor.

DOCKET NUMBER
DC-0845-19-0583-I-2

DATE: August 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Nancy Harnois</u>, Fayetteville, North Carolina, pro se.

<u>Jane Bancroft</u> and <u>Alison Pastor</u>, Washington, D.C., for the agency.

<u>Aaron Baughman</u>, Esquire, Arlington, Virginia, for the intervenor.

---

[1] The administrative judge determined that the Board needed records relating to a special pay rate for the appellant's former position, and therefore ordered the Department of Homeland Security's Transportation Security Administration to participate as an intervenor in this case. Initial Appeal File (IAF), Tab 8.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) to collect an overpayment to the appellant of $13,438.97 in disability retirement annuity payments. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant provided substantial evidence that she was without fault in creating the overpayment, we AFFIRM the initial decision.

**BACKGROUND**

The appellant was an SV-07 Supervisory Transportation Security Officer for the Department of Homeland Security's Transportation Security

Administration (TSA), in the Boston-Worcester-Manchester locality area, with adjusted basic pay of $46,394. Initial Appeal File (IAF), Tab 7 at 63, 106. The appellant was granted a Federal Employees' Retirement Systems (FERS) disability retirement annuity, effective August 9, 2007. *Id.* at 85-106.

In December 2015, the appellant was reemployed with the Federal Government, and in January 2016, she notified OPM of her reemployment. *Id.* at 76-77. OPM interpreted this notification as a request by the appellant that it cease her disability annuity payments. *Id.* at 73. On or about April 12, 2016, OPM reviewed the appellant's Social Security records and determined that her disability retirement annuity should have been stopped in June 2015, because her reported income for 2014 exceeded the 80% earnings limitation for disability retirement annuitants. *Id.* at 50, 58, 60. Specifically, OPM found that, as of December 31, 2014, the current rate of basic pay for the SV-07 Supervisory Transportation Security Officer position from which the appellant retired was $52,824, and the appellant's 2014 earned income of $49,940 exceeded 80% of that amount. *Id.* at 50, 60. OPM further found that between June 2015, when the appellant's annuity should have stopped, and April 2016, when it actually stopped, the appellant accrued a net overpayment of $15,004.97. *Id.* at 50-51, 56, 58. The appellant requested reconsideration, and OPM issued a final decision affirming the existence and the amount of the overpayment. *Id.* at 46-49.

The appellant filed a Board appeal, but during the pendency of the appeal, OPM rescinded its decision. *Id.* at 44-45. The administrative judge dismissed that appeal for lack of jurisdiction. *Id.* OPM subsequently issued a new decision, still reflecting an overpayment for the same reasons, but recalculating the amount of the net overpayment to $13,438.97. *Id.* at 16-23. The appellant requested reconsideration, and on May 1, 2019, OPM issued a final decision affirming its initial decision and giving the appellant the choice between making make a lump sum repayment and making the repayment, with interest, over 37 monthly installments. *Id.* at 9-13.

The appellant filed the instant Board appeal contesting the existence of the overpayment and alternatively requesting a waiver. IAF, Tab 1. She challenged OPM's determination of an SV-07 Supervisory Transportation Security Officer's 2014 salary, which formed the basis for the June 2015 annuity termination, and she argued that OPM's delay in reaching that determination caused the overpayment. *Id.* at 4-5.

After a telephonic hearing, the administrative judge issued an initial decision affirming OPM's final decision. Refiled Appeal File (RAF), Tab 21, Initial Decision (ID). Relying on information provided by the TSA during the pendency of the appeal, the administrative judge found that the appellant's 2014 earned income exceeded 80% of the SV-07 Supervisory Transportation Security Officer rate of basic pay for that year. ID at 4-6. She further found that the appellant failed to provide any evidence to support a finding that the overpayment should be waived or that the collection schedule should be adjusted. ID at 6-7.

The appellant has filed a petition for review, again challenging the calculation for the 2014 SV-07 Supervisory Transportation Security Officer rate of basic pay and arguing that recovery of any overpayment should be waived. Petition for Review (PFR File), Tab 1. OPM has filed a nonsubstantive response. PFR File, Tab 4.

## ANALYSIS

The appellant was restored to earning capacity as of December 31, 2014.

If a FERS disability retirement annuitant, before becoming 60 years of age, is restored to an earning capacity fairly comparable to the current rate of pay of the position occupied at the time of retirement, payment of the annuity terminates 180 days after the end of the calendar year in which earning capacity is so restored. 5 U.S.C. 8455(a)(2). Earning capacity is deemed restored if in any calendar year the income of the annuitant from wages or self-employment or both equals at least 80% of the current rate of pay of the position occupied

immediately before retirement. *Id.*; 5 C.F.R. § 844.402(a). Generally, the income limitation is determined based on the rate for the grade, step, and any additional basic pay that was in effect on the date of separation. 5 C.F.R. § 844.402(b)(1). However, if the annuitant retired from a position in which the rate of basic pay is not equal to a grade and step in a pay schedule, "the grade and step will be established for this purpose at the lowest step in the pay schedule grade that is equal to or greater than the actual rate of basic pay payable." 5 C.F.R. § 844.402(b)(2)(i).

In this case, it is undisputed that, during all relevant time periods, SV-07 Supervisory Transportation Security Officer was a pay band position, and the appellant's rate of basic pay under that system was not equal to a grade and step in a pay schedule. In reaching its final decision, OPM used GS-07, Step 8 as a benchmark to determine that the appellant's rate of basic pay would have been $52,824 in 2014. IAF, Tab 7 at 63. During the pendency of the appeal, OPM obtained information from TSA concerning rates of basic pay specific to the appellant's former SV-07 position. RAF, Tab 15 at 6, 8, 10. According to TSA's data, the 2014 rate of basic pay for the appellant's SV-07 position was $51,348. *Id.* at 6. Because TSA's data shows a rate of basic pay lower than that used by OPM in its calculations, OPM's conclusion that the appellant's 2014 earned income of $49,940 exceeded the 80% limitation remains correct.

On petition for review, the appellant argues that she calculated the SV-07 current salary "by taking the percentage over the base salary at the time of retirement and calculating that percentage over the base salary publicly listed by TSA annually," and that her income never exceeded 80% by that calculation. PFR File, Tab 1 at 4-5. However, the appellant has not provided the Board with either her actual calculations or sufficient data for us to replicate those calculations. Moreover, the appellant's proffered method of calculating the current rate of basic pay for her former position is not authorized under 5 C.F.R. § 844.402(b). We find that the appellant has not provided a sufficient basis to

disturb the administrative judge's finding that her 2014 earned income exceeded the 80% limitation and that she was therefore restored to earning capacity at that time. ID at 4-6.

<u>OPM proved the existence and the amount of the overpayment.</u>

OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 1201.56(b)(2)(ii). Because the appellant was restored to earning capacity as of December 31, 2014, her disability retirement annuity should have ceased effective June 30, 2015. *See* 5 U.S.C. § 8455(a)(2); 5 C.F.R. § 844.402(a). Because OPM continued to pay the annuity until March 30, 2016 (nine extra monthly annuity payments), the appellant received an overpayment. IAF, Tab 7 at 23; *see Ruskin v. Office of Personnel Management*, 73 M.S.P.R. 544, 547, 551 (1997). The appellant does not dispute OPM's calculation that the net overpayment amounted to $13,384.97. IAF, Tab 7 at 16, 23. This calculation appears correct on its face, and we find no basis to disturb the administrative judge's finding that OPM proved the existence and the amount of the overpayment. ID at 3, 6.

<u>The appellant has not provided a sufficient basis to waive collection of the overpayment.</u>

Recovery of an overpayment may not be made from an individual when, in the judgment of OPM, the individual is without fault and recovery would be against equity and good conscience.[3] 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. The appellant bears the burden of establishing her entitlement to a waiver by substantial evidence. 5 C.F.R. §§ 845.307(b), 1201.56(b)(2)(ii).

---

[3] The regulatory standards for waiver of overpayments under FERS are substantially similar, and indeed almost identical, to those under the Civil Service Retirement System (CSRS). *Compare* 5 C.F.R. part 831, Subpart N, *with* 5 C.F.R. part 845, subpart C. We find the case law interpreting the CSRS regulations to be instructive in interpreting the FERS regulations.

In this case, the administrative judge found that the appellant failed to provide substantial evidence that she was without fault in creating the overpayment. ID at 6. The appellant disputes this finding on review, noting that she reported her income to OPM every year as required and lacked sufficient information to calculate the current rate of basic pay for her former position. PFR File, Tab 1 at 5. Recognizing the difficulties involved in proving a negative, i.e., the absence of fault, we agree with the appellant that she provided substantial evidence on the issue. The pertinent considerations in finding fault are as follows: (1) whether payment resulted from the individual's incorrect but not necessarily fraudulent statement, which she should have known to be incorrect; (2) whether payment resulted from the individual's failure to disclose material facts in her possession which she should have known to be material; or (3) whether she accepted a payment which she knew or should have known to be erroneous. *Maseuli v. Office of Personnel Management*, 111 M.S.P.R. 439, ¶ 7 (2009); 5 C.F.R. § 845.302(a). There is no indication that this appellant ever withheld any information or supplied any materially incorrect information to OPM. Furthermore, considering that OPM itself had significant difficulty in determining whether the appellant had been restored to earning capacity in 2014, we find substantial evidence that the appellant could not reasonably have been expected to know that she had so been restored at the time she accepted the annuity overpayments. *See Hudson v. Office of Personnel Management*, 87 M.S.P.R. 385, ¶¶ 7-11 (2000).

Nevertheless, we agree with the administrative judge that the appellant did not provide substantial evidence that recovery would be against equity and good conscience. ID at 6. Recovery is against equity and good conscience when it would cause financial hardship for the person from whom it is sought, the recipient of the overpayment relied on the overpayment to her detriment, or recovery would be unconscionable under the circumstances. 5 C.F.R. §845.303.

In this case, the appellant argues that collection of the overpayment would cause financial hardship and would be unconscionable.[4]  PFR File, Tab 1 at 5-6.

Under 5 C.F.R. § 845.304, financial hardship may be deemed to exist when the appellant needs substantially all of her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities.  However, the appellant has not submitted any evidence of her assets, income, or living expenses that might support a finding that recovery would cause her financial hardship. As noted in the initial decision, the appellant has not submitted a financial resources questionnaire, which would contain the pertinent information. *Cf. Stewart v. Office of Personnel Management*, 102 M.S.P.R. 272, ¶ 8 (2006) (finding that recovery would cause financial hardship based on a financial resources questionnaire that showed the appellant needed all of her current income to meet ordinary and necessary living expenses).  Nor has the appellant provided any other evidence that might support her claim of financial hardship by alternative means, such as evidence of her present ability to pay or evidence of her other family members' income and living expenses.  *See* 5 C.F.R. § 845.304. The appellant argues that she could face financial hardship in the future because she might be forced to leave the workforce prematurely due to a recurrence of her autoimmune condition.  PFR File, Tab 1 at 5.  However, even if we were to accept this assertion, which is unsupported by any medical or financial evidence, an individual's financial ability to pay is considered at the time collection is scheduled to be made and not at some point in the future.  *Delange v. Office of Personnel Management*, 30 M.S.P.R. 177, 178-79 (1986).

Waivers based on unconscionability cover cases where the circumstances surrounding an annuity overpayment, although not meeting the tests for waiver based on either financial hardship or detrimental reliance, nevertheless merit special consideration and treatment under the totality of the circumstances.

---

[4] The appellant does not argue that she relied to her detriment on the overpayments, and there is nothing in the record to suggest that she might have done so.

*Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549-50 (1989). For instance, recovery of an overpayment may be unconscionable when there has been an exceptionally lengthy delay by OPM in adjusting an annuity, OPM failed to respond to an annuitant's inquiries regarding overpayment, OPM has been otherwise grossly negligent, the appellant has been misinformed, or the appellant has personal limitations that would make collection manifestly unfair. *Markanich v. Office of Personnel Management*, 104 M.S.P.R. 323, ¶ 14 (2006). Unconscionability of collection is a high standard that will only be found under exceptional circumstances. *Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 18 (2000); *see, e.g.*, *Estate of Konschak v. Office of Personnel Management*, 84 M.S.P.R. 555, ¶¶ 13-14 (1999) (finding that OPM's 22-year delay in discovering an overpayment of more than $100,000 rendered collection of that amount from an 82-year old annuitant unconscionable).

In this case, the appellant argues unconscionability based on her lack of fault in creating the overpayment, OPM's delay in discovering the overpayment, and her age and medical condition. PFR File, Tab 1 at 5-6. However, under OPM's regulations, lack of fault is a separate inquiry from unconscionability. *See* 5 C.F.R. § 845.301. Furthermore, although OPM allowed the overpayment to accrue for 9 months before discovering and stopping it, we find that this delay was not exceptionally lengthy. IAF, Tab 7 at 23. An "exceptionally lengthy" delay would typically be measured in years rather than months, and even a 10-year delay in discovering an overpayment may not render collection unconscionable if OPM acts promptly once it becomes aware of the matter. *See Taylor*, 87 M.S.P.R. 214, ¶ 20. Regarding the appellant's personal limitations, we again note that she has provided no medical evidence regarding her condition, and that she is now gainfully employed in the Civil Service with a salary comfortably exceeding that of her former position. IAF, Tab 7 at 77, 106; *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 219 n.4 (1996) (finding a lack of evidence that the appellant's medical condition rendered

collection unconscionable because there was no evidence of the severity of his condition or evidence of a relationship between his condition and the debt collection).

For these reasons, we agree with the administrative judge that the appellant failed to provide substantial evidence that collection of the overpayment would be against equity and good conscience. ID at 6. Nor has the appellant requested an adjustment of the collection schedule or provided any information to suggest that such an adjustment might be warranted. ID at 6-7; *see generally* 5 C.F.R. §§ 845.301, .307 (standard for proving entitlement to an adjustment in the collection schedule). Accordingly, we affirm the initial decision, as modified above.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.